UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ALFRED L. STONE,                    )
                                    )
            Plaintiff,              )
                                    )
        v.                          )  Civil Action No. 09-2359 (RBW)
                                    )
LANDIS CONSTRUCTION                 )
CORPORATION *et al.*,               )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM OPINION**

In this action filed *pro se*, the plaintiff claims that the defendants did not hire him as a Master Plumber because of his race, African American, and his age, then 55. He sues Landis Construction Corporation ("Landis Corp.") and its Chief Executive Officer, Ethan Landis ("Landis"), under 42 U.S.C. § 1981(b) (2006), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17 (2006), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34 (2006). The plaintiff also sues Landis in his individual capacity under section 1981. *See* Plaintiff's Complaint That the Defendants' Violated Title 42 Sec. 1981(b); and, Title 29 Sec. 621 & 626 Because They Failed or Refused to Hire Him Because of His Age and His Race, That Being African American ("Compl.") (Count II).

Currently pending before the Court is the Defendants' Motion for Summary Judgment or to Dismiss ("Defs.' Mot.") [Dkt. No. 7], which the plaintiff has opposed [Dkt. No. 9]. Upon consideration of the parties' submissions and the entire record, the Court will grant the defendants' motion to dismiss as to the Title VII and ADEA claims and will enter summary judgment for the defendants on the section 1981 claim.

**FACTUAL BACKGROUND**

The plaintiff alleges that on April 30, 2006, he applied for a Master Plumber position that the defendants had advertised in *The Washington Post*. Compl. ¶ 7. He interviewed with Landis on May 6, 2006, at the Takoma Park office of Landis Corp. *Id*. ¶ 9. Landis, "a white male in his thirties or forties," *id*. ¶ 10, "represented to the [p]laintiff that he was competent to perform the administrative part of the job description; but . . . had concerns about whether the [p]laintiff could perform the physical labor because 'you're old.'" *Id*. ¶ 11. However, pursuant to Landis' request, the plaintiff prepared "a proposed budget for a new plumbing department" and sent Landis a copy by e-mail on May 8, 2006. *Id*. ¶¶ 12-13. Ultimately, the defendants "rejected the [p]laintiff's application for employment . . . [but] kept the position open and continued to seek a person of [p]laintiff's qualifications." *Id*. ¶ 15. On October 30, 2006, the defendants "hired a white Master Plumber for the position; but, denied the [p]laintiff notice and the opportunity to reapply for the position. . . ." *Id*. ¶ 16.

On June 13, 2007, the plaintiff lodged a discrimination charge against Landis Corp. with the United States Equal Employment Opportunity Commission ("EEOC"), claiming race and age discrimination. Defendants' Reply to Opposition to Motion for Summary Judgment or to Dismiss ("Defs.' Reply"), Exhibit ("Ex.") (Charge of Discrimination). On August 24, 2009, the EEOC dismissed the charge as untimely and informed the plaintiff of his right to sue within 90 days of his receipt of the dismissal notice. Compl. Ex. (Dismissal and Notice of Rights).

The record reflects that the Clerk of Court first received the plaintiff's complaint dated October 23, 2009, on October 27, 2009, but this latter date was subsequently stricken, *see* Dkt. No. 1, and changed to reflect the same date the Clerk first received the plaintiff's application to proceed *in forma pauperis*, November 19, 2009. *See* Dkt. No 2. This case was deemed formally

filed on December 14, 2009, after the Court granted the plaintiff's *in forma pauperis* motion on December 13, 2009. *Id*.

## DISCUSSION

### The Defendants' Motion to Dismiss the Title VII and ADEA Claims

The defendants move to dismiss the Title VII and ADEA claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] They assert that the plaintiff failed to exhaust his administrative remedies by filing a timely charge with the EEOC and failed to file a timely complaint with the Court. In addition, the defendants assert that "[t]here is no jurisdiction over the individual defendant, Mr Landis," under Title VII or the ADEA, Defs.' Mot. at 3-4, but the plaintiff is not suing Landis in his individual capacity under either of those statutes. *See* Compl. (Count II) ¶¶ 19-26 (asserting individual capacity claim under section 1981(b)).

Contrary to the defendants' assertion, the record establishes that the complaint was timely submitted with the plaintiff's *in forma pauperis* application on November 19, 2009, five days before expiration of the 90-day filing period. *See Guillen v. Nat'l Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (finding a Title VII litigant "not responsible for the administrative delay associated with the Court's review of petitions to proceed *in forma pauperis*. . . . [T]he presentation of a complaint [and] a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations . . . ") (citations omitted); *accord Washington v. White*, 231 F. Supp.2d 71,

---

[1] The defendants also invoke Rule 12(b)(1) but they do not provide any supporting argument for dismissing the complaint, brought pursuant to federal law, for lack of subject matter jurisdiction, and the Court discerns no such basis. *See* 28 U.S.C. § 1331 (2006) (creating original jurisdiction in federal district court as for "civil actions arising under the [] laws . . . of the United States).

3

75-76 (D.D.C. 2002) (citing cases). Dismissal based on this action having been untimely filed therefore is not warranted.

The defendants correctly assert, however, that the plaintiff's untimely charge with the EEOC forecloses judicial review. Under Title VII, "[a] charge . . . shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred. . . ." 42 U.S.C. § 2000e-5(e)(1). Similarly, the ADEA precludes the filing of a civil action "until 60 days after a charge . . . has been filed with the [EEOC]," which "shall be filed . . . within 180 days after the alleged unlawful practice." 29 U.S.C. § 626(d)(1). If a charge is not filed within the time permitted, "the employee may not challenge that practice in court." *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618, 624 (2007) (citing 42 U.S.C. § 2000e-5 (f)(1)) (superseded on other grounds by the Lilly Ledbetter Fair Pay Act of 2009, Pub.L. No. 111-2, 123 Stat. 5); *Washington v. Washington Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C. Cir. 1998) ("Before suing under either the ADEA or Title VII, an aggrieved party must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory incident.") (citations omitted).

In his discrimination charge signed and dated June 13, 2007, the plaintiff stated that "on approximately 5/8/06, I learned that I was unjustly denied selection to this position," and he also listed that date as the date when the discrimination occurred.[2] Defs.' Reply Ex. But even if, as the plaintiff now contends, the alleged unlawful practice occurred on October 30, 2006, when the

---

[2] The plaintiff states that he filed an age discrimination charge with the EEOC on April 18, 2007, Memorandum of Law in Support of the Plaintiff's Motion to Deny the Defendant's Motion to Dismiss ("Pl.'s Mem.") at 2, 6-8, but he has not supplied any evidence of such a filing.

defendants filled the position with a white Master Plumber, *see* Memorandum of Law in Support of the Plaintiff's Motion to Deny the Defendant's Motion to Dismiss ("Pl.'s Mem.") at 8, his administrative charge was still lodged beyond the 180-day filing period.[3] Because the plaintiff filed an untimely charge with the EEOC, the Court will grant the defendants' motion to dismiss the Title VII and ADEA claims on the ground that the plaintiff failed to exhaust his administrative remedies.

### The Defendants' Motion for Summary Judgment on the Section 1981 Claim

#### I. Standard of Review

Courts will grant a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 if "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When ruling on a Rule 56(c) motion, the Court must view the evidence in the light most favorable to the non-moving party. *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the

---

[3] The plaintiff argues that "equitable estoppel [] applies . . . because the initial October 27, 2009 defective pleading and affidavit were cured and refiled [sic] with the Court on November 17, 2009." Pl.'s Mem. at 7. Although the filing deadlines under Title VII are subject to waiver, estoppel and equitable tolling, *Fox v. Giaccia*, 424 F. Supp. 2d 1, 6 (D.D.C. 2006), the plaintiff argues only for applying equitable estoppel to the filing of the complaint, which is now a moot issue. In addition, the plaintiff asserts that "the charge must be filed with the EEOC within one hundred and eighty or three hundred days of the discrete discriminatory act." Pl.'s Mem. at 7. However, the 300-day period applies only "in [an age discrimination] case to which section 633(b) of this title applies." 29 U.S.C. § 626(e). And section 633(b) limits "Federal action upon commencement of State Proceedings," which is not the case here. *Cf. Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (observing that "[b]ecause Morgan first filed his charge with an appropriate state agency, only those acts that occurred 300 days before February 27, 1995, the day that Morgan filed his charge, are actionable.").

non-moving party's evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "mere allegations or denials," *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Simply put, "conclusory allegations unsupported by factual data will not create a triable issue of fact." *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal quotation marks and citations omitted). Rather, to withstand a properly supported motion for summary judgment, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "[T]here is no [genuine] issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party," *Anderson*, 477 U.S. at 249 (citation omitted), and if the Court concludes that the evidence adduced by the non-moving party "is merely colorable . . . or is not significantly probative," *id*. (citations omitted), or if the non-moving party has otherwise "failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), then the moving party is entitled to summary judgment.

## II. Legal Analysis

Title 42 U.S.C. § 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Section 1981 claims in the employment context are analyzed under the same framework as Title VII claims. *Royall v. Nat'l*

*Ass'n of Letter Carrier, AFL-CIO*, 507 F. Supp. 2d 93, 102-103 (D.D.C. 2007). Thus, once, as here, the plaintiff has stated a prima facie case of discrimination, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for its actions." *Vickers v. Powell*, 493 F.3d 186, 195 (D.C. Cir. 2007) (internal quotation marks and citation omitted); *see Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004) (stating that in this circumstance "the employer must produce admissible evidence that, if believed, would establish that its action was motivated by a legitimate, nondiscriminatory reason") (internal quotation marks and citation omitted). If the defendant satisfies its burden, the plaintiff "must show that the employer's proffered justification is mere pretext and thus a coverup for a racially discriminatory decision. *Vickers*, 493 F.3d at 195 (internal quotation marks and citation omitted). Then, "the district court must conduct one central inquiry . . . [*i.e.*,] whether the plaintiff produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the plaintiff on a prohibited basis." *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008) (citation omitted).

"At [this] point, the plaintiff can survive summary judgment only by showing that a reasonable jury could conclude that he was [rejected] for a discriminatory reason," notwithstanding the defendant's proffered nondiscriminatory explanation. *Jackson v. Gonzales*, 496 F.3d 703, 706-07 (D.C. Cir. 2007) (internal quotation marks and citation omitted); *see Weber v. Battista*, 494 F.3d 179, 182 (D.C. Cir. 2007) (stating that "the plaintiff must [ultimately] demonstrate that the employer's stated reason was pretextual and that the true reason was discriminatory") (internal quotation marks and citation omitted); *George v. Leavitt*, 407 F.3d 405, 415 (D.C. Cir. 2005) (stating that "[o]nce [an] employer has articulated a

7

non-discriminatory explanation for its action, the issue is not the correctness or desirability of [that explanation] but whether the employer honestly believes in the reasons it offers") (internal quotation marks and citation omitted). The plaintiff may attempt to demonstrate the pretextual nature of the employer's stated motive "either directly by persuading the [court] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *George*, 407 F.3d at 413 (internal quotation marks and citation omitted). If the plaintiff is "unable to adduce evidence that could allow a reasonable trier of fact to conclude that [the defendant's] proffered reason was a pretext for discrimination, summary judgment must be entered against [the plaintiff]." *Paquin v. Fed. Nat'l Mortg. Ass'n*, 119 F.3d 23, 27-28 (D.C. Cir. 1997) (citation omitted).

Landis states that in May 2006 when the plaintiff was interviewed, the "defendants decided not to hire a plumber . . . because [they] decided that it was not clear that the plumbing work justified the overhead of a full time plumber employee." Defs.' Mot., Declaration of Ethan Landis ¶ 2.[4] The defendants subsequently decided in October 2006 "that it was financially feasible to hire a full time plumber employee," and hired 50-year-old Dan Cavell on October 30, 2006. *Id*. ¶ 3. Cavell was hired because he had worked for the defendants as an independent contractor since January 2005 and the defendants "were familiar and happy with his work." *Id*. Landis denies that he ever "made any derogatory remarks to [the plaintiff] about his race or age," *id*., or that the plaintiff's race or age factored into the hiring decision. *Id*.

---

[4] The plaintiff's claim that Landis' declaration is inadmissible hearsay, Pl.'s Mem. at 2 ¶ 1, is baseless. By his own admission, the plaintiff interviewed with Landis. Furthermore, Landis, as CEO and co-owner of Landis Corp., is competent to testify about the company's hiring decisions.

The plaintiff asserts that discovery is required to determine "when the decision was made to hire Cavell for the position on October 30, 2006; because, the Defendant's statement that Cavell was hired because they were satisfied with his service is a pretext." Pl.'s Mem. at 11-12. He "submits that [Landis'] statement is a lie because on October 1st, 2008, [Landis] represented to the EEOC's investigator that no one was hired for the position of Director of the Plumbing Division." *Id*. at 12. He then claims that a genuine issue of material fact exists as to "whether the day to day duties of a Master Plumber are the same as the Director of the Plumbing Division." *Id*. The plaintiff has not established how the answers to any of those questions would be probative of his section 1981 discrimination claim, and the Court is not "authorize[d]" by the anti-discrimination laws to "become a super-personnel department that reexamines an entity's business decisions." *Barbour v. Browner*, 181 F.3d 1342, 1346 (D. C. Cir. 1999) (citation and internal quotation marks omitted). In any event, the defendants are entitled to judgment on the section 1981 claim because the plaintiff has not proffered any evidence that would establish that the hiring decision was motivated by his race, which is the only status section 1981 protects. *See* 42 U.S.C. § 1981(a) (bestowing on "[a]ll persons within . . . the United States . . . the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens  . . ."); *Kodish v. United Air Lines Inc.*, 628 F.2d 1301, 1303 (10th Cir. 1980) (finding "no cause of action under [§ 1981]" in a "case of alleged age discrimination").[5]

In the absence of any evidence to rebut the defendants' legitimate, non-discriminatory reasons for the challenged hiring decision, the Court finds that the defendants are entitled to judgment as a matter of law on the plaintiff's section 1981 claim.

---

[5] The plaintiff's only alleged fact suggesting an unlawful motive, that Landis had stated in May 2006 that he was too old to perform the duties of the position (Compl. ¶ 11), is relevant only to the dismissed ADEA claim.

## CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion to dismiss the claims brought under Title VII and the ADEA and grants the defendants' motion for summary judgment on the claim brought under section 1981.[6]


_____s/_____
Reggie B. Walton
DATE: August 24, 2010            United States District Judge

---

[6] A separate Order accompanies this Memorandum Opinion.