# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ALFRED L. STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-2359 (RBW) |
| | ) | |
| LANDIS CONSTRUCTION CORPORATION *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Order of August 24, 2010, dismissing this action brought under 42 U.S.C. § 1981(b) (2006), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17 (2006), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34 (2006). Upon consideration of the parties' submissions, and for the following reasons, the Court finds no basis for altering or amending the judgment and, thus, will deny the plaintiff's motion.

Motions for reconsideration are committed to the sound discretion of the trial court and may be granted upon a showing of "an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted). The plaintiff challenges only the Court's application of Title VII's 180-day limitations period for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Verified Motion for Reconsideration of the August 24, 2010 Final Order ("Mot.") at 1;

*see* Memorandum Opinion of August 24, 2010 ("Mem. Op.") [Dkt. No. 12] at 4-5 (granting the defendants' motion to dismiss the Title VII and ADEA claims for failure to exhaust administrative remedies). He asserts that "EEOC's regulations allow three hundred [] days to file a charge after a discrete act when a working agreement exists between the EEOC and the local agency." Mot. at 1. The defendants do not dispute this assertion, *see* Defendants' Opposition to Motion for Reconsideration [Dkt. No. 15] at 3, and the case law supports it, s*ee Carter v. Geo. Wash. Univ.*, 387 F.3d 872, 879 (D.C. Cir. 2004) ("Since the EEOC had such an agreement with the D.C. Office of Human Rights at the time of Carter's complaint . . . Carter had up to 300 days to file with the Commission."); *accord Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1372-73 (D.C. Cir. 2008) (holding that because the D.C. Office of Human Rights "has waived its right to process age discrimination claims initially filed with the EEOC. . . . the D.C. worksharing agreement alone sufficed to 'commence[]' proceedings under state law as [the] ADEA . . . requires") (citing 29 U.S.C. § 633(b)) (alterations in original).

Applying the correct time period does not change the outcome of this case, however. The plaintiff stated in the EEO charge dated June 13, 2007, that the underlying discriminatory act had occurred more than 300 days earlier, on May 8, 2006. *See* Mem. Op. at 4. But even if the plaintiff's charge was timely under his subsequent claim that the discriminatory act occurred on October 30, 2006, when the defendants hired a white Master Plumber, *see* Mem. Op. at 4-5, his Title VII and ADEA claims would not survive the defendants' summary judgment motion. The Court's resolution of the section 1981 claim based on the plaintiff's failure to proffer "any evidence that would establish that the hiring decision was motivated by his race . . . ," Mem. Op. at 9, applies with equal force to his Title VII claim of race discrimination. *See generally*

Plaintiff's Complaint That the Defendants' Violated Title 42 Sec. 1981(b); and, Title 29 Sec. 621 & 626 Because They Failed or Refused to Hire Him Because of His Age and His Race, That Being African American ("Compl."). And a jury presented with the defendants' legitimate non-discriminatory reasons for the hiring decision, *see* Mem. Op. at 8, could not reasonably find for the plaintiff on his age discrimination claim based on his single allegation that Chief Executive Officer Ethan Landis expressed "concerns about whether the [p]laintiff could perform the physical labor because 'you're old.'" Compl. ¶ 11. Accepting that this statement was actually made, no reasonable inference of age discrimination could be drawn from it alone because the hired individual was 50-years-old, just five years younger than the plaintiff. Mem. Op. at 1, 8. *See Kralman v. Ill. Dep't of Veterans' Affairs*, 23 F.3d 150, 156 n.7 (7th Cir. 1994) (observing that a reasonable inference of age discrimination may be drawn from the selection of an individual belonging to ADEA's protected class of individuals over 40 years of age if that person is "sufficiently younger" than the complainant) (citing cases); *Reshard v. Peters*, 579 F. Supp. 2d 57, 73 (D.D.C. 2008) (citing with approval *McNally v. Norton*, 498 F. Supp. 2d 167, 181 n.14 (D.D.C. 2007) (stating that "[t]o be 'significant' or 'substantial,' the relevant age difference usually must be ten years or more.")) (other citations omitted). Accordingly, the motion for reconsideration is denied.[1]

        _____s/_____
        Reggie B. Walton
DATE: October 26, 2010        United States District Judge

---

[1] A separate Order accompanies this Memorandum Opinion.